## Wright, et al. v. Young & Warnock.

### (Decided November 4, 1914.)

### Appeal from Boyd Circuit Court.

Instructions—Failure to Define Negligence—Refusal of Offered Instruction—Evidence.—Where in an action for damages resulting from a collision between a carriage and an automobile, the instructions left to the jury the question of negligence, without specifying with sufficient particularity the respective duties of the driver of the carriage and the driver of the automobile, the refusal of the trial court to give an instruction offered by de-

fendants showing precisely what the duties of each driver were, and calling attention to the precise facts which, if true, would, as a matter of law constitute negligence, was not prejudicial error where the evidence clearly showed negligence on the part of the defendants, and the giving of the offered instruction would not have affected the result of the trial.

PROCTOR K. MALIN and DINKLE & PRITCHARD for appellants.

ZERFOSS & WEAKLEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSONER—Affirming.

Plaintiffs, Herbert Warnock and Lewis Young, are partners engaged in the livery business in Ashland, Kentucky, under the firm name of Young & Warnock, and on April 7, 1911, were the owners of a carriage and team which collided with an automobile owned by the defendant, Giles Wright, and operated by his son and co-defendant, Charles Wright. One of the horses was killed, and the carriage and harness injured. The accident also resulted in considerable damage to the automobile. Plaintiffs brought this action for damages against the defendants, alleging that the accident was due to the negligence of the driver of the automobile. Defendants denied any negligence on their part and counterclaimed for damages on the ground that the collision was the result of negligence of the driver of plaintiffs' carriage. The trial resulted in a verdict and judgment for plaintiffs in the sum of $250. The defendants appeal.

We are asked to reverse the judgment on the sole ground that instruction No. 1 left to the jury the question of negligence without specifying with sufficient particularity the respective duties of the driver of the carriage and the driver of the automobile, and that the trial court erred in refusing an instruction offered by defendants showing precisely what the duties of each driver were, and calling attention to the precise facts which, if true, would as a matter of law constitute negligence. While it is doubtless true that the offered instruction was clearer and more concrete in form than the instruction given, yet, under the facts of this case, we conclude that the giving of the offered instruction would not have affected the result of the trial. The accident took place at the intersection of Montgomery Avenue and 13th Street. The automobile, driven by Charles

Wright, was proceeding westerly on Montgomery Avenue. The carriage was returning from a funeral, and was going north on 13th Street. While there was some evidence to the effect that the carriage was going fast and that the driver was looking backwards, the decided weight of the evidence is to the effect that the horses were walking and the driver was looking ahead of him. It is admitted by the driver of the automobile that the speed of the automobile was between 15 and 20 miles an hour. The driver knew that the streets were wet. The driver attempted to turn in 13th Street. The car skidded and came very near turning over. To prevent its being turned over the car was pulled straight, and then ran into the carriage. As the accident happened at the intersection of two streets where there is a great deal of travel, and as the machine was going between 15 and 20 miles an hour, with knowledge on the part of those operating the machine that the streets were wet and slippery, it is perfectly apparent that the accident was due to the negligence of the driver of the automobile, and not to any negligence on the part of the driver of the carriage. We therefore conclude that the refusal of the trial court to give the offered instruction was not prejudicial to the substantial rights of the defendant.

Judgment affirmed.